IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN KNECHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 14-3704 |

## ORDER

**AND NOW**, this 2nd day of June, 2016, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 13), Defendant's Response thereto, Plaintiff's Reply, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Docket No. 21), Plaintiff's Objections thereto (Docket No. 22), and Defendant's Response to the Objections, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Objections are **OVERRULED**.

2.    The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] The Magistrate Judge recommends that the ALJ did not err by selectively considering only portions of the medical evidence of record to support his RFC assessment that Knecht was capable of performing a full range of light work and by ignoring probative evidence from treating physician Dr. Howard Jackson, and orthopedic surgeon Dr. Marc Weinstein. (Report and Recommendation at 5-8.) Knecht objects that the Magistrate Judge erred in recommending that "it is reasonable to conclude that the ALJ accounted for this evidence in reaching his ultimate determination that Knecht was not disabled and did not err in failing to specifically address it in his decision." (Id. at 7.) This objection is overruled. The Magistrate Judge correctly recommends that Plaintiff's "selective consideration" argument has no merit since the RFC determination is supported by substantial evidence of record and the ALJ is not required to discuss every piece of evidence in the record. See Fargnoli v. Massanari, 247 F.3d 34, 42-43 (3d Cir. 2001) (stating that it is not expected that an ALJ reference every relevant treatment note in the record; however, "he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence" (citations omitted)). Knecht specifically points to evidence the ALJ did not discuss, such as an MRI study performed two years before his alleged April 17, 2004 onset date indicating moderate to severe disc degeneration, treatment notes from Dr. Jackson from before his alleged onset date, and notes from Dr. Weinstein stating Plaintiff had difficulty walking, and severe and chronic neck and lower back pain. But, as the Magistrate Judge states, the ALJ reviewed numerous other medical opinions and objective studies

      3.       Plaintiff's Request for Review is **DENIED**.

      4.       The Decision of the Commissioner is **AFFIRMED**.

BY THE COURT:

/s/ John R. Padova<br>
John R. Padova, J.

---

conducted after the alleged onset date, showing only mild to moderate changes.  (<u>See</u> Tr. 144-145.)  Further, Dr. Weinstein's report, written within the alleged disability period, found no significant evidence of spinal stenosis or neural foraminal narrowing, and he recommended only conservative treatment through pain management.  (Tr. 658.)  Also, the ALJ found that Dr. Weinstein opined after Plaintiff's onset date that he could return to activity as tolerated, and that he was not a candidate for surgery.  (Tr. 146.)  In sum, the Magistrate Judge correctly recommends that the ALJ considered all of the relevant evidence in reaching the RFC determination, and that recommendation is approved and adopted.

      The Magistrate Judge recommends that the ALJ did not err in affording limited weight to the opinion of treating physician Dr. Robert Mowery, who treated Plaintiff after his insured status lapsed.  The ALJ gave the opinion diminished weight because Dr. Mowery was not treating Plaintiff at the time of the alleged disability and his opinion was contradicted by other evidence of record, including the objective studies showing only inconclusive results and the Doctor's own treatment notes.  (<u>See</u> Tr. 144, 148.)  Plaintiff's objection essentially restates his original arguments in his Brief and Statement of Issues in Support of Request for Review.  On de novo review, the objection is overruled.  The Magistrate Judge correctly recommends that the ALJ was supported by substantial evidence in his decision to afford this opinion limited weight, and that recommendation is approved and adopted.

      Finally, the Magistrate Judge recommends that the ALJ properly incorporated all credibly established impairments into the hypothetical questions posed to the vocational expert, upon which the RFC determination was based.  Plaintiff objects to this recommendation for the same reasons stated in his original Brief and Statement of Issues in Support of Request for Relief.  This objection is also overruled.  The Magistrate Judge correctly recommends that the ALJ was supported by substantial evidence in declining to include Dr. Mowery's limitations in the VE hypotheticals since the limitations he assessed were not supported by the medical evidence, and that recommendation is approved and adopted.